## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
**(U.S. Customs And Border Protection)**

    **Plaintiff**

       **v.**

**ROBERT ORTIZ a/k/a ROBERTO ORTIZ**

    **Defendant.**

**CIVIL NO. 17-2954-DRD**

## UNITED STATES' SCHEDULING CONFERENCE MEMORANDUM

**TO THE HONORABLE COURT:**

COMES NOW Defendant, the United States of America (U.S. Customs & Border Protection or "CBP" or "United States"), through its respective undersigned attorneys, a n d respectfully state, allege and pray as follows[1]:

### I. FACTUAL CONTENTIONS

On April 14, 2014, while performing inbound inspections of mail shipments at the DHL Cargo warehouse at the Luis Muñoz Marín International Airport, CBP officers detained and inspected a DHL package with DHL airwaybill No. 3269232492, for suspicion of importing counterfeited merchandise. The DHL package was  addressed to Defendant, Robert Ortiz, and

---

[1] The United States has not been able to establish contact with plaintiff's counsel. Although Plaintiff's counsel filed a motion for extension of time until Saturday, January 20, 2018, to submit the Scheduling Conference Memorandum and according to the Fed. R .Civ. P. the term is extended until Monday, January 22, 2018.  However, there is uncertainty on whether the U.S. government will continue doing business pending the budget continuous resolution that expires today at midnight. If Congress does not adopt a continuous budget resolution, the government will have to shutdown. If this happens, federal employees are furloughed and they are barred from working. For these reasons, the United States decided to file its part of the required Scheduling Conference Memorandum in advance.

the sender was WITECH (HK) CO LIMITED from Hong Kong, China.

The package contained a commercial invoice that identified the Defendant as the receiver and describing the merchandise as "plastic case for phone," with a declared value of $210.40.

Upon further inspection, CBP officers discovered 11 Michael Kors Handbags, 43 Tous wallets and 46 Tous Handbags (hereinafter the merchandise), which are protected by Customs Recordation Number TMK 09-00185 and TMK 13-0019, respectively, and U.S. Patent and Trademark Office Registration Numbers 2520757, 2732648, respectively.

The Manufacturer's suggested retail Price (MSRP) total value was $28,035.00 Based on field findings, the merchandise was deemed counterfeit, being appraised by a CBP's Import Specialist at $28,035.00, as the manufacturer's suggested retail price, if these had been genuine.

On June 9, 2014, CBP issued to the Defendant a Notice of Seizure of the merchandise advising him of the right to file a petition within 30 days of the notice. Since the Defendant did not respond, the merchandise was forfeited on September 3, 2014. This was followed by a Notice of Penalty of Liquidated Damages Incurred and Demand for Payment, issued on February 25, 2016, in the amount of $28,035.00 against the Defendant, pursuant to l9 U.S.C. Section 1526 (f).

Subsequently, because the Defendant failed to respond, CBP sent three (3) bills or demand letters on June 4, 2016, July 2, 2016 and July 22, 2016, to his known address: Calle Magnolia #124, Ponce, Puerto Rico, 00728. The letters were not returned by the U.S. Postal Service. Plaintiff did not respond or pay plaintiff the demanded payment of $28,035.00.

## II.    THEORY OF THE CASE

This action is brought to recover a civil monetary penalty in the amount of $28,035.00 against defendant Robert Ortiz a/k/a Roberto Ortiz, for violations of the Anticounterfeiting Consumer Protection Act (ACPA), Pub. L. 104-153, 110 Stat. 1388, signed into law on July 2, 1996, codified as 19 U.S.C. § 1526. Defendant imported into the United States merchandise of foreign manufacture when such merchandise, or the label, sign, print, package, wrapper, or receptacle, bears a trademark owned by a citizen of, or by a corporation or association created or organized within, the United States, and registered in the Patent and Trademark Office by a person domiciled in the United States.

ACPA provides protection to registered trademark holders by directing the seizure and forfeiture of counterfeit trademark merchandise imported into the United States and the issuance of civil penalties against violating importers.

ACPA Section 1526(f) imposes a civil penalty for a first time seizure (the fine imposed will not be more than the value that the merchandise would have had if it were genuine, according to the manufacturer's suggested retail price (MSRP) in the United States at the time of the seizure) 19 C.F.R. § 133.27(a). The United States demand payment of $28,035.00.

CBP has the discretion to impose fines under 19 U.S.C. § 1526(f). *Jindeli Jewelry, Inc. v. U.S.* not reported in F.Supp.3d (2016), but reported in 2016 WL 2593926 and in 2016 U.S. Dist. LEXIS 59202 (E.D.N.Y. 2016) (describing the regulatory scheme underlying the penalty provision of 19 U.S.C. § 1526). In Jindeli, Plaintiff challenged Regulation 133.27, 19 C.F.R. § 133.27, contending that it was arbitrary and capricious under the Administrative Procedure Act or APA, 5 U.S.C. § 551 *et seq.* but the Court dismissed the complaint.

Specifically, under 19 C.F.R. § 133.27, CBP may impose a civil fine on any person who directs, assists financially or otherwise, aids and abets the importation of merchandise that bears a counterfeit mark.  The fine for the first seizure of merchandise bearing a counterfeit mark is not more than the value the merchandise would have had if it were genuine as per the manufacturer's suggested retail price in the U.S. at the time the merchandise was seized.  *Id*.  Also, see *United States v. Marco Leather Goods Ltd.*, (2013 EDNY, Opinion not for publication), unreported in F.Supp.2d (2013); but reported in 2013 WL 5350622 (United States filed a civil penalty case for importation of counterfeited merchandise from China against defendant. However, defendant failed to appear and Default Judgment was entered in the amount of $737,280.00).

Statute authorizing government to seize imported merchandise bearing counterfeit marks applies to certification marks as well as trademarks. *U.S. v. 10,510 Packaged Computer Towers, More or Less*, N.D.Cal.2001, 152 F.Supp.2d 1189, 59 U.S.P.Q.2d 1940.

Government's seizure of merchandise for bearing counterfeit certification marks did not constitute an illegal exaction because government did not retain the goods and because it derived no benefits from their seizure; moreover, the seizure was not illegal but covered by the seizure authority of the Lanham Act[2]. *Acadia Technology, Inc. v. U.S*., Fed.Cl.2005, 65 Fed.Cl. 425, affirmed 458 F.3d 1327, 79 U.S.P.Q.2d 1609.

Although the statute authorizes civil penalties, 19 U.S.C. § 1526 (f) does not require CBP to retain possession of the offending merchandise during the pendency of a civil suit. *U.S. v. Able Time, Inc*., 545 F.3d 824, 828 (9th Cir. 2008).

Watch bracelets bearing a mark found to be the "spitting image" of registered trademark and bearing a mark which an average purchaser would find to be substantially indistinguishable

---

[2] The **Lanham** (Trademark) **Act** (Pub.L. 79–489, 60 Stat. 427, enacted July 5, 1946, codified at 15 U.S.C. § 1051 et seq. (15 U.S.C. ch. 22)) is the primary federal trademark statute of law in the United States.

4

from the registered mark were counterfeit and subject to forfeiture. *Montres Rolex, S.A. v. Snyder*, C.A.2 (N.Y.) 1983, 718 F.2d 524, 220 U.S.P.Q. 10, certiorari denied 104 S.Ct. 1594, 465 U.S. 1100, 80 L.Ed.2d 126, 224 U.S.P.Q. 736.

Doctrine of entireties, under which watch bodies and faces and crystals, though packaged separately, should be treated as one product, was applicable even in the context of "in bond" merchandise that was not subject to imposition of duty, and thus the watch bodies, which bore no identifying or protected marks, as well as the faces and crystals that bore counterfeit identifying or protected marks, were subject to forfeiture as counterfeit merchandise. *U.S. v. Watches, Watch Parts, Calculators & Misc. Parts*, S.D.Fla.1988, 692 F.Supp. 1317, 8 U.S.P.Q.2d 1529.

In the case of *U.S. v. One (1) Lot of Approximately Twenty Thousand (20,000) Pairs of Counterfeit Blue Jeans Bearing the Jordache Trademark*, W.D.N.C.1985, 601 F.Supp. 476, 225 U.S.P.Q. 616, merchandise in question, were 20,000 pair of blue jeans bearing the Jordache label; bore a trademark owned by a corporation organized by the United States and registered in the Patent and Trademark Office and no written consent of the owner of such trademark was produced at the time of making entry into the United States, and thus merchandise in question was, as a matter of law, subject to seizure and forfeiture.

### III.    DOCUMENTARY EVIDENCE AND CONTENTS

1. DHL Airway Bill (See, <u>Exhibit 1</u>).

2. Commercial Invoice (See, <u>Exhibit 2</u>).

3. CBP IPRIS (Intellectual Property Rights Search) Printouts (See, <u>Exhibit 3</u>).

4. Photos (See, Exhibit 4).

5. SEACATS (Seized Assets and Tracking System) Incident Report, per Exhibit 5.

6.  Appraisal of counterfeited merchandise (See, Exhibit 6).

7.  Notice of Seizure dated June 9, 2014 (See, Exhibit 7).

8.  Declaration of Administrative Forfeiture dated Sep/3/2014 (See, Exhibit 8).

9.  Notice of Penalty dated February 25 of 2016 (See, Exhibit 9).

10. FP&F Demand Letters, dated Oct/25/2016 and Dec/02/2016 (See, Exhibit 9).

11. Assistant Chief Counsel Demand Letters dated Oct/25/2016 and Dec/02/2016.

    (See, Exhibit 10).

12. The United States reserves its right to include additional documentary evidence,

    as it may be necessary as the discovery process ensues.

## IV.      WITNESSES INCLUDING EXPERTS

1.  CBP Officer, Olga Figueroa, now CBP Supervisor conducted the detection an the

    inspection of this merchandise at the DHL facility on April 14, 2014, per Exhibit 5.

2.  CBP Supervisor Ismael Rosado approved the seizure of the merchandise.  Exhibit 5.

3.  Mayra V. Asencio, Senior Import Specialist appraised the counterfeited merchandise

    on September 24, 2014, per Exhibit 6.

4.  Ivelisse Maldonado (now retired) notified the penalty and liquidated damages on

    February 25, 2016, per Exhibit 9. Miss Maldonado's position is now occupied by

    Efrain Rivas-Torres, Acting Fines, Penalties and Forfeiture (FPF) Officer, who will

    testify about the notice.

5.   The United States reserves its right to add an expert witness, in case it determines to

    be necessary as discovery progresses.

## V.        JOINDER OF PARTIES

None necessary at this time.

## VI.        SETTLEMENT

The United States may be able to make an offer to the Plaintiff to settle this case.

## VII. ELECTRONIC DISCOVERY

The United States asserts that to prosecute this case, there will not be very large quantities of information and documents to be produced through the discovery process, nor it would require the production of electronic stored information.

## VIII. CONSENT FOR TRIAL BEFORE U.S. MAGISTRATE JUDGE

The United States does not consent to proceed before a U.S. Magistrate Judge.

## IX. PROPOSED DISCOVERY DEADLINES

Amendment to pleadings-March 2, 2018

Joinder of Parties-March 5, 2018

Depositions and written discovery of the parties to conclude on May 31, 2018.

Dispositive motions due on June 15, 2018.

Opposition to Dispositive motions due on July 15, 2018.

Pre-Trial-July 31, 2018

Trial-November 1, 2018 and estimated length of trial not to exceed two (2) days.

## X.        RULE 26(f)(2) DISCLOSURES

The United States served its initial Rule 26 disclosures to plaintiff's attorney on December 19, 2017, and supplemented them on January 16, 2018 by FedEx service Tracking No. 8072-2267-4645.  See printed FedEx tracking 8072-2267-4645 showing

that the supplemented Rule 26 Disclosures was delivered to plaintiff's attorney on January 17, 2018 and received by J Rivera. See, Exhibit 11.

The plaintiff's attorney has not produced any disclosures, apparently because his client is denying the complaint, and affirmatively asserting that he is not the person that counterfeited the merchandise.  Nonetheless, the United States in its supplemental disclosures has evidence that connects and ties the Defendant to the alleged facts in the complaint.

WHEREFORE, the United States respectfully prays this Honorable Court to take notice of the foregoing.

In San Juan, Puerto Rico, this the 19th day of January, 2018.

I hereby certify that on this same date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**ROSA E. RODRÍGUEZ VÉLEZ**
**UNITED STATES ATTORNEY**

s/ *Agnes I. Cordero*
Assistant U.S. Attorney (USDC #126101)
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, PR 00918
Tel. (787) 766-5656/Fax. (787) 766-6219
Agnes.Cordero@usdoj.gov

8